# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| KACIE KRAUSE and MARCUS | ) |
| HARVEY, individually and on behalf | ) |
| of K.H., a minor, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:16-CV-209-TLS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter comes before the Court on Defendant United States of America's Motion to Dismiss or, alternatively, Summary Judgment [ECF No. 14], filed on December 13, 2016. Plaintiffs Kacie Krause and Marcus Harvey, individually and on behalf of K.H., a minor, filed a Complaint [ECF No. 1] on June 7, 2016. The Defendant moved to dismiss pursuant to Rule 12(b)(6), asserting that the Complaint fails to state a claim upon which relief can be granted. Alternatively, the Defendant moved for summary judgment on all of the Plaintiffs' claims. This matter is now ripe for the Court's review.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 28, 2010, Plaintiff Krause was admitted to "St. Catherine Hospital, in East Chicago, Indiana . . . for the birth of her child, K.H." (Compl. ¶ 1, ECF No. 1.) Plaintiff Harvey was the biological father of K.H. (*Id.* ¶ 10.) At the Hospital, Dr. Keith M. Ramsey "car[ed] for and treat[ed] Krause during the labor and delivery of . . . K.H.," whom Plaintiff Krause "had never met with or been treated by before." (*Id.* ¶¶ 3, 8.) Ramsey was allegedly an employee at "NorthShore Health Centers, Inc., . . . a federally supported health facility," and Plaintiff Krause

"had never received medical treatment at . . . [or] been a patient of NorthShore Healthcare Centers, Inc." (*Id.* ¶¶ 5–6.) Ramsey's delivery of K.H. allegedly resulted in numerous complications and injuries. (*See id.* ¶ 8a–8e.)

On September 9, 2011, the Plaintiffs "filed a Proposed Complaint with the Indiana Department of Insurance . . . against Ramsey alleging negligent medical care." (*Id.* ¶ 11.) During that lawsuit, Cause No. 45D01-1208-CT-178,[1] Ramsey allegedly "concealed and/or otherwise failed to disclose . . . that he was an employee and/or agent of a federally supported health facility and subject to the Federal Tort Claims Act until June 17, 2013." (*Id.* ¶ 13.) "On March 5, 2015, the Lake County Superior Court . . . found that Ramsey was an employee of a federally funded healthcare facility." (*Id.* ¶ 14.)

Then, on April 3, 2015, the Plaintiffs submitted an administrative claim to the HHS regarding the events of June 28, 2010. (HHS Compl. 1–6, ECF No. 1-1.) On August 19, 2015, the HHS denied the Plaintiffs' administrative claim and its "denial letter was delivered on August 24, 2015." (Recio Decl. ¶¶ 4–6, ECF No. 15-4.) The Plaintiffs filed this Complaint on June 7, 2016, which the Defendant moved to dismiss on December 13, 2016. On February 9, 2017, the Plaintiffs filed a Notice [ECF No. 18] that they would not respond to or seek a hearing on the Defendant's Motion.

---

[1] In its Motion, the Defendant offered evidence that this state court case was removed to federal court on September 25, 2013, under Cause No. 2:13-CV-345-PPS. (Mot. Dismiss 2, ECF No. 15.) Once in federal court, the Defendant moved to dismiss "due to Plaintiffs' failure to exhaust administrative remedies" because they had "never filed an administrative tort claim with the Department of Health and Human Services (HHS), prior to initiating their" state court case. (*Id.* (citing Torres Decl. ¶¶ 4–5, ECF No. 15-5.) The Defendant was subsequently dismissed without prejudice from that case, with the "case against the remaining defendants . . . remanded back" to state court. (*Id.* at 3.)

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true, views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

The Supreme Court has articulated the following standard regarding factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although the court must accept as true all well-pleaded facts and draw all permissible inferences in the plaintiff's favor, it need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly* at 555). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim.

*Id.* at 680. Determining whether a complaint states a plausible claim for relief requires a reviewing court to "draw on its judicial experience and common sense." *Id.* at 679.

Plaintiffs can also plead themselves out of court if the allegations clearly establish all the elements of an affirmative defense, including the defense that the action was filed after the statute of limitations period expired. *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613–14 (7th Cir. 2014); *see also Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011) ("[W]hen the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (citing exception to the rule that complaints do not have to anticipate affirmative defenses to survive a motion to dismiss where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations"); *Tregenza v. Great Am. Comm'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993) (noting that even though a plaintiff is not required to negate a statute of limitations affirmative defense in his complaint, "if he pleads facts that show that his suit is time-barred or otherwise without merit, he has pleaded himself out of court").

Rule 12(b) requires that a court treat a motion to dismiss as one for summary judgment under Rule 56 when "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(b). Despite the language of Rule 12(b), a court has the option to convert the motion to one for summary judgment and consider the documents, or to ignore the documents and confine its analysis to the motion to dismiss. *Id.* 12(d); *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002); *Venture Ass'n Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). Finally, a court may also take judicial notice of matters of public record without

converting a Rule 12(b)(6) motion into a motion for summary judgment. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (citing *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991)); *see also Ennega v. Starns*, 677 F.3d 766, 773–74 (7th Cir. 2012) (noting that the affirmative defense of the statute of limitations may sometimes "be resolved at the motion-to-dismiss stage based on the allegations in the complaint and a few undisputable facts within [a court's] judicial-notice power").

## ANALYSIS

This Court has jurisdiction over the Complaint pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2674. The Defendant moves to dismiss the Complaint for failure to state a claim on the grounds that the Plaintiffs' administrative claim with the HHS was untimely or, alternatively, that the Plaintiffs' lawsuit was untimely. The Plaintiffs filed a Notice that they did "not intend to file a Response" to the Defendant's Motion. (Notice 1, ECF No. 18.)

"Generally, an individual may not sue the United States for tortious conduct committed by the government or its agents." *Williams v. Fleming*, 597 F.3d 820, 822 (7th Cir. 2010) (citing *United States v. Navajo Nation*, 556 U.S. 287, 289 (2009) ("The Federal Government cannot be sued without its consent.")). However, Congress created an exception through § 2674 of the FTCA, whereby a suit is permitted against the United States

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

Critically, plaintiffs may not bring an FTCA claim unless they first presented their claim to the appropriate federal agency and the agency denied the claim. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing

5

suits in federal court until they have exhausted their administrative remedies."); *Smoke Shop, LLC v. United States*, 761 F.3d 779, 786 (7th Cir. 2014) ("[T]he FTCA bars would-be tort plaintiffs from bringing suit against the government unless the claimant has previously submitted a claim for damages to the offending agency, because Congress wants agencies to have an opportunity to settle disputes before defending against litigation in court.") (citation omitted). The claim must be presented in writing to the appropriate Federal agency within two years after the claim accrues, and the plaintiff must then file suit within six months of the agency's denial of the claim. 28 U.S.C. § 2401(b).[2] The United States Supreme Court has held that because the FTCA represents a waiver of sovereign immunity, its provisions must be strictly construed. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 94 (1990); *see also Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003) ("A plaintiff's failure to exhaust administrative remedies before he brings suit mandates dismissal of the claim.") (citing *McNeil*, 508 U.S. at 113).

The Defendant contends that the Plaintiffs "did not submit a claim to the Department of Health and Human Services until April 3, 2015," which was "almost five years after the accrual of the claim." (Mot. Dismiss 7.) Alternatively, the Defendant notes that the HHS denied the Plaintiffs' administrative claim on August 19, 2015, that "the denial letter was delivered to counsel on August 24, 2015," and that "the Plaintiffs did not file this lawsuit until June 7, 2016," outside of the six-month limitations window (*Id.* at 8.) The Court agrees with the Defendant. Even assuming that the Plaintiffs' administrative complaint to the HHS was timely when filed in April 2015, the present lawsuit was filed more than six months "after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Accordingly, this lawsuit is time-barred.

---

[2] The Court notes that the Seventh Circuit does not treat compliance with the FTCA's exhaustion requirement as a jurisdictional prerequisite, but instead as a "condition precedent to the plaintiff's ability to prevail." *Smoke Shop*, 761 F.3d at 786–87 (internal quotation marks and citation omitted).

**CONCLUSION**

For the reasons stated above, Defendant United States of America's Motion to Dismiss [ECF No. 14] is GRANTED, and the alternative Motion for Summary Judgment is DENIED AS MOOT. The Complaint [ECF No. 1] is DISMISSED WITH PREJUDICE.

SO ORDERED on March 21, 2017.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT